**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

UNITED STATES OF AMERICA

v.                                        No. 4:11CR00156-07 JLH

JUANA PATRICIA BAMAC-PEREZ

**OPINION AND ORDER**

Pursuant to a written plea agreement, Juana Patricia Bamac-Perez pled guilty to conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count 1) and possession with intent to distribute methamphetamine on premises in which a minor was present or resides in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 21 U.S.C. § 860a (Count 16). As part of the plea agreement, the parties stipulated that the quantity of methamphetamine for which Bamac-Perez was responsible was 382.5 grams. They also stipulated that Bamac-Perez would receive a two-level enhancement under U.S.S.G. § 2D1.1(b)(13)(B). The presentence report adopted these stipulations in the plea agreement. The quantity of methamphetamine to which the parties stipulated resulted in a base offense level of 34. The enhancement based on the presence of minor children increased the offense level to 36. Bamac-Perez was eligible for the safety valve under U.S.S.G. § 2D1.1(b)(16), which resulted in a reduction of the offense level to 34. Because she accepted responsibility, the offense level was reduced by three levels to 31. She had no criminal history points, so the criminal history category was I. The statutory term of imprisonment was not less than ten years and not more than life. On Count 16, the statute required that the term of imprisonment run consecutive to the term of imprisonment for the other count. 21 U.S.C. § 860a. Based on an offense level of 31 and a criminal history category of I, the guideline

imprisonment range was 108 to 135 months.  Because Bamac-Perez met the criteria for the safety

valve, the Court could impose sentence below the statutory minimum.

Bamac-Perez did not object to the presentence report, so the Court adopted the presentence

report at the sentencing hearing.  The Court then sentenced Bamac-Perez to 87 months imprisonment

on Count 1 and one additional month on Count 16 to run consecutive, for a total of 88 months.  In

doing so, the Court imposed a sentence below the guideline range over the objection of the United

States.  The judgment and commitment order was entered on January 22, 2013.  Bamac-Perez did

not appeal.

Three months after the judgment was entered, Bamac-Perez filed a *pro se* motion to vacate,

set aside, or correct her sentence under 28 U.S.C. § 2255.  She alleges that her lawyer was ineffective

because she requested that he file a notice of appeal after she was sentenced, but he failed to do so;

he was ineffective for failing to challenge the amount and purity of the stated drug; he was ineffective

for failing to establish her position in the alleged conspiracy; and he was ineffective for failing

challenge violations of her due process rights.

To prevail on a claim of ineffective assistance of counsel, a defendant must show that his

lawyer's performance was deficient and that the deficient performance prejudiced the defense.

*Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).

Proving that counsel was deficient "requires showing that counsel made errors so serious that counsel

was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*

"Judicial scrutiny of counsel's performance must be highly deferential."  *Id.* at 689, 104 S. Ct. at

2065.  Because of the distorting effects of hindsight and the difficulty of viewing counsel's

representation of the client from the perspective available to defense counsel at the time of trial, "[a]

2

court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. Proving that the deficient performance prejudiced the defense requires showing that there is a reasonable probability that, but for defense counsel's mistakes, the result of the proceeding would have been different. *Id*. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. The *Strickland* two-part standard also applies to ineffective assistance claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S. Ct. 366, 370, 88 L. Ed. 2d 203 (1985). A lawyer's failure to file a notice of appeal when so instructed by the client constitutes ineffective assistance of counsel for the purpose of section 2255. *Yodprasit v. United States*, 294 F.3d 966, 969 (8th Cir. 2002). A showing of actual prejudice is not necessary. *Id*. Nevertheless, the petitioner must show that she made her desire to appeal evident to her attorney, and a bare assertion by the petitioner that she made the request is not by itself sufficient evidence if the factfinder finds more credible evidence that indicates to the contrary. *Id*.

Here, Bamac-Perez has presented nothing beyond her bare assertion in the section 2255 petition that she made her desire to appeal known to her attorney. The United States has presented an affidavit from her attorney stating that he discussed her right to appeal before the sentencing hearing and afterward. He states that he asked Bamac-Perez if she wanted him to file a notice of appeal on her behalf, and she stated that she did not wish to appeal. He told her that he would not perfect an appeal on her behalf, but if she changed her mind, she should contact him or the Clerk of the Court to assist her in filing an appeal within fourteen days of the judgment being entered in her case.

Defense counsel's affidavit has the ring of truth.  On the other hand, Bamac-Perez lacks credibility.  As the government notes in its response, the Court conducted two change of plea hearings for Bamac-Perez.  At the first change of plea hearing, Bamac-Perez told the Court that she had only distributed methamphetamine on one occasion, which was the occasion when the confidential source came to her house to retrieve methamphetamine.  She stated that she gave the confidential source the methamphetamine on that one occasion on orders from her husband.  She stated that she had no involvement with Jorge Rojas-Olivera, who was the lead defendant in this conspiracy.  She stated that her only involvement with the conspiracy was with her husband on that one occasion involving the confidential source.  All of those statements were false.  The government had evidence to prove that those statements were false, and at a subsequent change of plea hearing, Bamac-Perez told the Court under oath that she sold drugs on several occasions and that she was working with Carlos, which was a name by which she knew Jorge Rojas-Olivera, when she sold drugs on those occasions.  She stated that she knew that she was selling drugs, and she conceded that she was responsible for 382 grams of methamphetamine.  In light of her prior false statements under oath, the Court does not credit Bamac-Perez's bare assertion that she made known to her lawyer that she desired to appeal.

As noted, Bamac-Perez's second ground for relief is that her lawyer was ineffective because he failed to challenge the amount and purity of the stated drug.  That contention is belied by the fact that Bamac-Perez stipulated to the quantity of methamphetamine and told the Court under oath at the second change of plea hearing that she was responsible for that quantity.  Her lawyer was not ineffective for failing to challenge a fact that she confirmed under oath was true.

Bamac-Perez's third ground for relief is that her lawyer failed to establish her position in the alleged conspiracy.  Bamac-Perez received no enhancements and no reductions as a result of her position in the conspiracy.  Based on the facts to which she agreed under oath at the second change of plea hearing, she was not entitled to any reductions for her position in the conspiracy.  Her lawyer was not ineffective for failing to make an argument that had no merit.

Finally, Bamac-Perez alleges that her lawyer was ineffective for failing to challenge the violations of her due process rights.  None of her due process rights were violated, so that argument is without merit.

For the reasons stated, Juana Patricia Bamac-Perez's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct her sentence is DENIED.  Document #638.  No certificate of appealability will be issued.

IT IS SO ORDERED this 26th day of July, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE